**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0456-24

JUSTO VILLANTES,

 Plaintiff-Respondent,

v.

STEPHANIE MCPHILLIPS,
and COOK MEDICAL, LLC,

 Defendants-Appellants,

and

NEW JERSEY PROPERTY
LIABILITY INSURANCE
GUARANTY ASSOCIATION
and SENTRY INSURANCE,

 Defendants.

_____

Submitted March 4, 2025 – Decided April 15, 2025

Before Judges Susswein and Bergman.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0452-23.

Gfeller Laurie, LLP, attorneys for appellant (Chimdi G. Tuffs and Madison E. Calkins, of counsel and on the briefs).

Respondent has not filed a brief.

PER CURIAM

On leave granted, defendants Stephanie McPhillips and Cook Medical Center, LLC appeal from orders denying their motion to extend the discovery end date (DED) and the subsequent denial of their motion for reconsideration. Defendants assert by applying the exceptional circumstances standard, instead of the good cause standard, the court abused its discretion requiring reversal. Alternatively, defendants assert they satisfied the exceptional circumstances standard, and the court's decision finding otherwise was error. We reverse because we conclude the good cause standard applied and defendants satisfied this standard.

I.

In his complaint, plaintiff Justo Villantes alleges he was struck by a motor vehicle operated by McPhillips while riding his electronic bicycle causing injuries. The record indicates the discovery process was drawn out because of repeated disputes primarily surrounding plaintiff's failure to provide discovery.

2

We summarize the pertinent history of discovery for context. On April 19, 2023, eight days after defendants filed their answer, defendants served Form A interrogatories and supplemental interrogatories on plaintiff, as well as the first request for production of documents. On August 31, defendants produced their responses to defendants' interrogatories and document production request. On September 5, plaintiff produced responses to Form A interrogatories and partial responses to defendants' supplemental interrogatories. On November 14, defendants served their supplemental request for production of documents on plaintiff to seek clarification regarding information about the electric bicycle that plaintiff was operating at the time of the incident. On December 1, defendants noticed plaintiff's deposition for February 1, 2024. On January 18, 2024, defendant's counsel sent a letter to plaintiff's counsel requesting that he provide plaintiff's outstanding responses to the supplemental request for production of documents within seven days to avoid a motion to dismiss for failure to provide discovery or to compel discovery.

Plaintiff's deposition was adjourned to March 13 because plaintiff failed to timely respond to defendants' supplemental requests. On January 29, defendants again requested that plaintiff respond to the outstanding discovery within seven days in order to avoid a motion to dismiss the complaint or to

A-0456-24

compel discovery. On January 31, plaintiff produced responses to defendants' supplemental request for production of documents. However, defendant claimed plaintiff's responses were deficient. Therefore, on February 13, in an attempt to resolve discovery issues without court intervention, defendant's counsel sent a letter to plaintiff's counsel requesting more specific responses.

On February 26, plaintiff's counsel responded to the deficiency by requesting defendant's counsel to contact him personally by phone. Thereafter, defendants filed a motion on February 28 to compel plaintiff's more specific discovery responses. Based on these unresolved discovery issues, plaintiff's deposition was adjourned for a second time.

As a result of defendants' motion, on March 15, an order was entered requiring plaintiff to provide more specific discovery responses within seven days. Additionally, the court granted defendants leave to serve additional supplemental interrogatories. Thereafter, defendants served supplemental interrogatories on plaintiff on March 18. The March 15 order also extended discovery for a second time from March 24 to July 21. Previously, the discovery period had been extended from January 23 to March 24, by consent pursuant to Rule 4:24-1(c). The court's statement of reasons for its March 15 order stated in pertinent part:

Arbitration is scheduled for August 21, 2024.

Any further applications for the extension of discovery will be governed by the "exceptional circumstances" standard since an [a]rbitration/[t]rial [d]ate has been fixed by this [c]ourt. The holding in Hollywood Café Diner, Inc. v. Jaffe, 473 N.J. Super. 410 (App. Div. 2022) is not applicable in this case because an [a]rbitration/[t]rial [d]ate is being fixed by this [c]ourt after the parties received the benefit of previously granted days of discovery and multiple discovery extensions. The [c]ourt has not set the arbitration/trial date in the early stages of litigation, or by way of automated notice to potentially cause any confusion to the parties. The dates set forth herein and the scheduling of [a]rbitration/[t]rial is so that the [c]ourt may appropriately manage discovery, set forth the terms and conditions of the within extension [o]rder, and provide a realistic arbitration and trial date pursuant to the spirit of the 2000 Rule Amendments.

Any further requests to extend discovery must be made by formal motion. No additional discovery, other than listed herein, is permitted without leave of court.

Plaintiff failed to timely produce responses as ordered. On March 26, defense counsel emailed plaintiff's counsel demanding responses within three days in order to avoid additional motion practice. On March 28, six days after the deadline, plaintiff produced more specific responses, as well as responses to defendants' supplemental interrogatories.

On April 18, defendants moved to compel more specific responses from plaintiff. A return date was set for April 26. Defendants assert, and the record

5

A-0456-24

reflects, the motion was never decided. Additionally, on May 20, defendants served a notice to take plaintiff's deposition on August 7. Previously, plaintiff's counsel had agreed to proceed with depositions after the DED.

On July 2, defendants moved to extend the DED from July 21 to November 18 for an additional one-hundred twenty days, claiming plaintiff had still not provided all of the written discovery, the parties depositions had not occurred, expert reports had not been prepared or exchanged, and expert depositions were needed. The motion to extend the DED was returnable on July 19, three days before the scheduled DED. Plaintiff did not oppose the motion.

By order of July 19, 2024, the trial court denied the motion. The court found defendants' "interpretation of Hollywood Diner is . . . without merit and incorrect." The court found "[Rule] 4:24-1(c) bars extensions of discovery after an arbitration date has been set without the showing of [exceptional] circumstances, even when that arbitration or trial date has been since adjourned." The court stated defendants failed to show exceptional circumstances which "were clearly beyond the control of the attorney or the litigant" and the facts of "Hollywood Café Diner does not apply to this case." Although the court denied defendants' motion, it rescheduled the arbitration to November 20, two days after the DED requested in defendants' motion.

6

On August 8, defendants moved for reconsideration of the court's July 19, 2024 order. The motion was unopposed. The court denied the motion by order of August 30, 2024. The court found in relevant part:

> The present motion does not fall under the narrow exception of a motion to reconsider pursuant to R. 2:11-6. However, the [c]ourt will consider this a new motion for a motion to extend discovery. The [c]ourt denies the motion to extend discovery. Pursuant to R. 4:24-1(c) requires a proposed form of [o]rder for a discovery extension shall describe the proposed discovery to be completed and set forth the proposed dates of completion. This [o]rder violates that rule. Further, [m]ovant's interpretation of Hollywood Diner mandates this case [sic] discovery standard is good cause is incorrect as there is a[n] arbitration date set by [o]rder of March 15, 2024.

After the court entered this order, plaintiff refused to provide any further discovery to defendants or permit the deposition of plaintiff as previously agreed.

We granted defendants' motion for leave to file an interlocutory appeal. Plaintiff filed a non-participation letter and has not taken a position in this appeal. The trial court filed a written amplification pursuant to Rule 2:5-1(d) which defendants objected to citing its untimeliness under the rule. We granted defendants motion permitting the submission of a brief to respond to the trial court's amplification.

7

On appeal, defendants contend the trial court erred by finding that the good cause standard did not apply to its DED extension motion. They further contend that even if it did apply, they established exceptional circumstances requiring a granting of their motion. Defendants also assert the court erred by deeming their motion for reconsideration a subsequent motion to extend discovery.

## II.

Since a trial court's discovery rulings are "entitled to substantial deference," we review for an abuse of discretion. DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion, or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80, (App. Div. 2005) (citing Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 559 (1997)).

Rule 4:24-1(c) governs a party's obligations when requesting an extension of a DED. If the moving party seeks an extension of the DED before the discovery period ends, and before a trial or arbitration date has been set, the trial court shall grant the extension upon the showing of good cause. Tynes v. St.

Peter's Univ. Med. Ctr., 408 N.J. Super. 159, 168 (App. Div. 2009). See also Ponden v. Ponden, 374 N.J. Super. 1, 9-11 (App. Div. 2004) (reaffirming that if neither an arbitration nor trial date has been set then a discovery extension should be liberally granted, particularly for the purpose of submitting an expert report).

When the moving party seeks an extension after the discovery period has ended and after a trial or arbitration date has been set, the court may grant the extension only upon a showing of exceptional circumstances. Hollywood Café, 473 N.J. Super. at 217. Another circumstance is when the moving party seeks an extension of the DED before the discovery period ends, but after a trial or arbitration date has been set. As we concluded in Hollywood Café, in that circumstance, a trial judge shall grant an extension upon a showing of good cause. Id. at 220.

"[G]ood cause" as applied in Rule 4:24-1(c) is "a 'flexible term' without a fixed or definite meaning." Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 480 (App. Div. 2012) (quoting Tynes, 408 N.J. Super. at 168). Courts analyze this "lenient" standard by considering the following factors:

> (1) the movant's reasons for the requested extension of discovery;

(2) the movant's diligence in earlier pursuing discovery;
(3) the type and nature of the case, including any unique factual issues which may give rise to discovery problems;
(4) any prejudice which would inure to the individual movant if an extension is denied;
(5) whether granting the application would be consistent with the goals and aims of "Best Practices";
(6) the age of the case and whether an arbitration date or trial date has been established;
(7) the type and extent of discovery that remains to be completed;
(8) any prejudice which may inure to the non-moving party if an extension is granted; and
(9) what motions have been heard and decided by the court to date.

[Ibid. (quoting Tynes, 408 N.J. Super. at 169-70).]

This standard differs from exceptional circumstances, which is a "more rigorous" standard requiring the movant to demonstrate:

(1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time;
(2) the additional discovery or disclosure sought is essential;
(3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and
(4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

[Hollywood Café, 473 N.J. Super. at 217 (emphasis omitted) (quoting Rivers, 378 N.J. Super. at 79).]

10

In Hollywood Café, "we recognize[d] [t]he critical aim of the 2000 Rule Amendments was the establishment of a realistic arbitration and trial date." 473 N.J. Super. at 218. However, we added:

> The Best Practices rules were "designed to improve the efficiency and expedition of the civil litigation process and to restore state-wide uniformity in implementing and enforcing discovery and trial practices." They were not designed to do away with substantial justice on the merits or to preclude rule relaxation when necessary to "secure a just determination."
>
> [Id. at 220, citing Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 53 (App. Div. 2003) (emphasis added) (first quoting Vargas v. Camilo, 354 N.J. Super. 422, 425 n.1 (App. Div. 2002); and then quoting R. 1:1-2).]

### III.

Initially, we need only briefly address defendants' contention that the trial court's amplification should not be considered because it was filed outside the thirty day time requirement set forth in Rule 2:5-1(d). We permitted defendants to reply to the trial court's amplification and are satisfied defendants have suffered no prejudice. We therefore consider the trial court's amplification in our determination on the merits.

The trial court's amplification points to the factual differences between Hollywood Café and the present matter. The amplification states in Hollywood

11

Café there was an administrative trial notice sent before the expiration of the DED and this action "removed the litigants' right to an additional [sixty] days of discovery and the further opportunity to file a motion under the 'good cause' standard." The court found "this was clearly erroneous" [because] thereafter, the "litigants were faced with trying to argue against the [c]ourt's imposition of the incorrect standard" resulting in the eventual dismissal of a party's pleading in that matter.

The trial court found the facts differed in the circumstances before it because defendants received the consensual sixty-day DED extension without the court setting any arbitration or trial date. The trial court's submission found that defendants' motion to extend discovery filed was granted and the order also set an arbitration date and provided "that future applications to extend discovery would be governed by the 'exceptional circumstances' standard."

The amplification found that if defendants' position is accepted, the "judiciary's [c]ivil division management system will cease to exist." The trial court found in these instances "the court would be prohibited from setting an arbitration date until such time as the litigants' attorneys advise the court they have completed discovery." The court further ruled "[p]erhaps this system has more benefits than our current system of managing cases, but a radical change

12

of the civil case management system would be better revised via a change of the court rules."

In response to the amplification, defendants assert that if the trial court's findings were upheld, a case would only be entitled to two discovery extensions pursuant to the good cause standard —once upon consent of the parties and once upon the first motion to extend the discovery end date. Defendants argue the trial court's interpretation contradicts the holding in Hollywood Café, which stated:

> When the court chooses to send out arbitration and trial notices during the discovery period, judges evaluating a timely motion to extend discovery may not utilize the "exceptional circumstances" standard, but rather the judge "shall enter an order extending discovery" upon a showing of "good cause."

We conclude because defendants' motion was filed and made returnable prior to the DED it was required to be reviewed under the good cause standard. Hollywood Café, 473 N.J. Super. at 220. Despite the trial court's well-intentioned supplemental terms set forth in its statement of reasons which set an arbitration date and notified the parties of its position concerning the applicable standard of review to further DED extension requests, we conclude it misapplied its discretion by failing to apply the good cause standard to defendants' motion under the procedural posture of the case at the time.

A-0456-24

We further conclude defendants exhibited good cause and an extension of the DED was appropriate. Based on our review of the record, we determine there is no evidence defendants acted in bad faith throughout the discovery process. We also conclude defendants were compliant with their discovery obligations at the time the motion was filed. Conversely, the record shows that plaintiff was not compliant with his discovery obligations. Plaintiff failed to provide responses to supplemental discovery including the requested information related to his electric bicycle which was required for defendants to obtain an expert opinion and report. In addition, shortly prior to the filing of defendants' motion, an order was entered to enforce plaintiff's compliance with defendants' discovery demands. Also, at the time of defendants' motion to extend the DED, the record on appeal reflects there was a pending motion by defendants to compel discovery once again, which was yet to be decided.

Concerning the trial court's amplification, we recognize "Best Practices . . . vest[ed] significant discretion with the trial courts to determine on a case-by-case basis if a discovery period should be extended and, if so, what deadlines and conditions should be set." Leitner v. Toms River Regional Schools, 392 N.J. Super. 80, 90(App. Div. 2007). Although, we do not establish a hard rule prohibiting a trial court from setting an arbitration or trial date as

14

part of a DED extension determination, we conclude the overall procedural and factual circumstances at the time of the application must justify such determination. We note there are serious consequences to the parties when the court sets an arbitration or trial date as part of a DED extension order because, by operation, it imposes the exceptional circumstances standard to any future DED extension motions. Under these circumstances, we review a trial court's determination for an abuse of discretion. DiFiore, 254 N.J. at 228.

We conclude the factual and procedural posture of the case at the time of the March 15, 2024 order did not justify imposition of the exceptional circumstances standard to all future DED extension motions and was a misapplication of the court's discretion. We base this conclusion on our prior determinations that defendants were compliant with discovery obligations, plaintiffs were not, and defendants had made reasonable, good faith efforts to obtain the overdue discovery responses from plaintiff prior to moving for a DED extension. Additionally, the DED extension granted in the March 15, 2024 order was the second DED extension request after the mandatory consent extension permitted by Rule 4:2-1(c) was invoked by the parties.

In addition, even if we accepted the trial court's ruling that the exceptional circumstances standard applied, we are satisfied defendants met this heightened

A-0456-24

standard. The certification of defendants' counsel filed in support of their motion explained that discovery has not been completed within the allotted time due to plaintiff's repeated non-compliance with discovery demands. Defendants supported their motion by providing copies of several letters to plaintiff requesting responses to their discovery demands to avoid motion practice. Defendants had also filed at least two motions to compel discovery, one which was granted and one which was still undecided. These actions amply establish defense counsel's diligence in pursuing discovery. The certification also exhibited the discovery was essential to defendants' defense because the requested information concerned the plaintiff's electric bike to obtain a liability expert opinion. In addition, the motion was filed and made returnable prior to the DED.

We also conclude the circumstances presented were clearly beyond the control of defendants, who had taken numerous measures to obtain plaintiff's discovery responses and to depose plaintiff to no avail. Although the court adjourned the arbitration, despite plaintiff counsel's previous consent, he refused to produce plaintiff for a deposition during the period of adjournment because the DED had expired. Plaintiff's counsel also refused to supply the outstanding discovery for these same reasons. Although a better course may have been for

16

defendants to file a motion to dismiss plaintiff's complaint for either (1) his failure to make discovery, see R. 4:24-5(a), or (2) his failure to comply with the prior order to compel discovery, see R. 4:23-2(b)(3), we conclude defendants provided adequate proofs of exceptional circumstances supporting their DED extension motion.

We further conclude, under these circumstances, justice was not served by the court's denial of the defendants' DED extension motion. This determination effectively left defendants to try the case without: (1) relevant written discovery; (2) the deposition of plaintiff; and (3) a liability expert opinion. The court's determination essentially rewarded plaintiff for his non-compliance with discovery obligations and effectively precluded a fair trial on the merits.

Turning to defendants' final point on appeal challenging the denial of their reconsideration motion, we deem this issue moot based on our previous determinations. We remand to the court with instructions to enter an order to re-open and extend discovery for an additional 120 days from its receipt of this remand and to set specific end dates for: (1) plaintiff to produce any outstanding discovery; (2) depositions of fact witnesses; (3) production of expert reports, if any, and (4) depositions of experts.

A-0456-24

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0456-24